UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHRISTOPHER BAUMAN, as Administrator
for the Estate of Nicholas Papazissis,

                                        Plaintiff,                **REPORT AND**
                                                                        **RECOMMENDATION**
      -against-
                                                                         **15-CV-5695 (NG)**
CITY OF NEW YORK, *et al.*,

                                        Defendants.
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Christopher Bauman ("plaintiff" or "Mr. Bauman"), as administrator for the estate of Nicholas Papazissis, brings this action pursuant to 42 U.S.C. § 1983 and New York law against defendants the City of New York ("City") and Police Officer Joan Hidalgo ("Officer Hidalgo") (collectively, "defendants"), for civil rights violations connected to Mr. Papazissis' arrest. See Complaint (Oct. 1, 2015) ("Compl."), Electronic Case Filing ("ECF") Docket Entry ("DE") #1;[1] Order (Sept. 19, 2019) (granting motion to substitute party). Plaintiff was ordered, more than six months ago, to serve defendants with his portion of the proposed joint pretrial order in this case. He never did so, and since then has failed to respond to the Court's order to show cause, and has made no effort to pursue his claims. For the reasons set forth below, this Court recommends *sua sponte* that plaintiff's claims be dismissed with prejudice for failure to prosecute and that plaintiff's counsel be referred for disciplinary action.

---

[1] The Complaint also asserts claims against "John or Jane Does 1-10," which were dismissed by the District Court on March 28, 2022. See Opinion and Order (Mar. 28, 2022) ("O&O") at 12, DE #87.

## BACKGROUND

Mr. Papazissis commenced this action on October 1, 2015. On February 6, 2017, after discovery had been completed and defendants had filed a letter requesting a pre-motion conference in anticipation of moving for summary judgment, plaintiff's counsel, Peter Hanschke, notified the Court that Mr. Papazissis had died. See Letter Motion to Stay (Feb. 6, 2017), DE #29. On February 14, 2017, the Honorable Nina Gershon, the District Judge assigned to this case, granted plaintiff's counsel's motion for a stay due to the death of Mr. Papazissis. See Order (Feb. 14, 2017), DE #30. The case remained stayed until September 19, 2019, when, after an unusually prolonged delay in the appointment of an administrator for Mr. Papazissis' estate, largely attributable to plaintiff's counsel, this Court granted Mr. Bauman's motion to be substituted as plaintiff. See Order (Sept. 19, 2019); Motion to Substitute Party (Sept. 18, 2022), DE #67; see also Order (July 2, 2019).

One month later, the Court granted the parties' application to reopen discovery until January 18, 2020 "to permit depositions of and discovery from witnesses who will be providing evidence to replace that of the deceased plaintiff." Order (Oct. 18, 2019); see Motion for Extension of Time (Oct. 17, 2019), DE #72. Following the expiration of the three-month period for such discovery, defense counsel advised the Court that no depositions had been taken and that plaintiff's counsel had not responded to attempts to communicate with him. See Motion for Premotion Conference and Status Report (Feb. 3, 2020) at 1, DE #73. Plaintiff's counsel replied that he had been unable to comply with the discovery deadline because of unspecified medical issues. See Reply in Opposition (Feb. 10, 2022), DE #74. At that time, the Court observed that plaintiff was already responsible for "protracted delays in

2

this case, both before and after the substitution of plaintiff's estate." Order (Feb. 10, 2020).

At a conference held on February 25, 2020, this Court directed plaintiff, in lieu of presenting witnesses for deposition, to serve on defense counsel sworn statements from each of three witnesses, outlining their anticipated trial testimony and statements in opposition to defendants' anticipated motion for summary judgment. See Minute Entry (Feb. 25, 2020), DE #76. Plaintiff subsequently filed a series of three motions for extensions of time to submit the affidavits, each of which was granted by this Court. See Order (Mar. 10, 2022); Order (Mar. 17, 2022); Order (Mar. 24, 2022). In an order entered on May 7, 2020, the Court denied plaintiff's counsel's request for an additional 60 days, observing that: "Plaintiff's dereliction is, unfortunately, part of a pattern of missed deadlines and other failings in a case that has now been pending for more than 4 1/2 years." Order (May 7, 2020). Nevertheless, the Court extended until May 28, 2020 plaintiff's deadline to submit the long-awaited declarations. See id. Rather than filing a timely request for a further extension, plaintiff waited until June 11, 2020 to request "another 20 days to finish the affidavits." See Motion for Extension of Time (June 11, 2020), DE #81. This Court denied that request without prejudice, citing the absence of a showing of good cause. See Order (June 12, 2020). Plaintiff did not renew his application.

Meanwhile, on June 11, 2020, defendants renewed their request for a premotion conference in anticipation of moving for summary judgment. See Motion for Premotion Conference (June 11, 2020) ("6/11/20 Premotion Ltr."), DE #82. Plaintiff failed to respond to defendants' letter before the deadline established by Judge Gershon's individual rules. On June 26, 2020, Judge Gershon directed plaintiff to respond to defendants' letter by July 1,

3

2020, and warned that, if he failed to respond, the Court would set a briefing schedule for defendants' motion. See Order (June 26, 2020). After plaintiff again failed to respond, Judge Gershon set a briefing schedule on July 8, 2020. See Order (July 8, 2020).

On October 29, 2020, defendants filed their motion for partial summary judgment, as well as a letter explaining that plaintiff never served any opposition to the motion. See Fully Briefed Motion for Summary Judgment (Oct. 29, 2020) ("Summary Judgment Motion"), DE #86. Defense counsel's letter explained:

> Pursuant to the briefing schedule set forth by the Court, on September 14, 2020, I served defendants' motion for partial summary judgment on plaintiff's counsel by e-mail. On September 21, 2020, defendants sent plaintiff's counsel an e-mail to confirm that plaintiff's counsel had received all the papers in a timely fashion. On September 28, 2020, plaintiff's counsel e-mailed me back confirming he had received the papers, and informing me that a family member had passed away. Plaintiff asked if I would consent to additional time for him to file his opposition. I replied the same day noting my consent. Plaintiff's counsel did not follow up with proposed dates, or with a draft letter. On October 15, 2020, I sent plaintiff's counsel an e-mail asking if he had filed any application with the Court, to which he did not reply. Therefore, to date, there has been no application seeking additional time to oppose the motion and defendants have not received any opposition papers from plaintiff.

Id. at 1. Plaintiff never responded to defendants' letter nor submitted an opposition to defendants' motion for partial summary judgment.

On March 28, 2022, Judge Gershon granted in part defendant's motion for partial summary judgment. See O&O. As a result of Judge Gershon's decision, the claims remaining in this case are: plaintiff's claims against Officer Hidalgo under section 1983 for excessive force, denial of the right to a fair trial, and deliberate indifference to the decedent's safety/medical needs; and plaintiff's claims under state law for assault and battery against Officer Hidalgo, and against the City under the theory of *respondeat superior*.

4

On the same day that Judge Gershon issued her decision, this Court set a schedule for submissions in connection with the parties' preparation of the Joint Pretrial Order ("JPTO"). See Order (Mar. 28, 2022). The Court's order warned "[p]laintiff and plaintiff's counsel, who have ignored multiple court deadlines, . . . that their failure to timely comply with this Order may result in a dismissal of the case for lack of prosecution." See id.

By letter dated April 11, 2022, counsel for defendants advised the Court that plaintiff had failed to comply with the Court's Order directing him to serve his portion of the JPTO. See Status Report (Apr. 11, 2022), DE #88. Plaintiff did not respond to defense counsel's letter. This Court's staff also sent emails and left phone messages for plaintiff's counsel, in an unsuccessful endeavor to prompt his compliance.

On May 27, 2022, this Court directed plaintiff to show cause why the case should not be dismissed for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and why plaintiff's counsel should not be sanctioned and referred to the Grievance Committee of the Eastern District of New York. See Order to Show Cause (May 27, 2022). The Court again warned that "[f]ailure to comply with this Order shall result in a recommendation that the case be dismissed with prejudice and the imposition of sanctions." Id. Plaintiff never responded to that Order, or to subsequent phone messages and emails sent to plaintiff's counsel by the Court's staff.

## DISCUSSION

### I. Legal Standard

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Cuevas v.

5

Ulmer, No. 19-CV-04285-EK-JRC, 2022 WL 4641606, at *3 (E.D.N.Y. Aug. 30, 2022) (internal quotation marks and citation omitted), adopted, 2022 WL 4662169 (E.D.N.Y. Sept. 30, 2022); see Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (recognizing that power of district court to dismiss for failure to prosecute is "explicitly sanctioned by Rule 41(b)" and "has generally been considered an 'inherent power'"). The Court may dismiss a case for failure to prosecute *sua sponte*. See Storey v. O'Brien, 482 F.App'x 647, 648 (2d Cir. 2012). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." United States *ex rel.* Drake v. Norden Sys., Inc., 375 F.3d 248, 250-51 (2d Cir. 2004). A Rule 41 dismissal is, however, a "harsh remedy" and thus is appropriate only in "extreme situations." Lewis, 564 F.3d at 576 (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Rule 41(b) provides that, where "the plaintiff fails to prosecute or to comply with these rules or a court order," dismissal of the action may be entered and, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41 is committed to the discretion of the district court. See Wade v. Nassau Cnty., 674 F.App'x 96, 97 (2d Cir. 2017); Drake, 375 F.3d at 254. Courts in the Second Circuit consider five factors in exercising their discretion under Rule 41(b): (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the efficacy of lesser sanctions. Zappin

v. Doyle, 756 F.App'x 110, 112 (2d Cir. 2019) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)); Lewis, 564 F.3d at 576. Generally, no single factor is dispositive. See Zappin, 756 F.App'x at 112; Lewis, 564 F.3d at 576.

## II. Application to Facts

Each of the five relevant factors supports dismissal in this case.

### A. Duration of Failures

"The first factor . . . breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255. Plaintiff has consistently failed to comply with this Court's orders dating back to the January 18, 2020 deadline to complete discovery and the subsequent conference held by the undersigned magistrate judge on February 25, 2020. Although the Court extended the deadline for plaintiff to serve sworn witness statements four times at plaintiff's request, he never complied. See Order (Mar. 10, 2020); Order (Mar. 17, 2020); Order (Mar. 24, 2020); Order (May 7, 2020); Order (June 12, 2020); 6/11/20 Premotion Ltr. In granting the final extension of time, this Court observed that "[p]laintiff's dereliction is, unfortunately, part of a pattern of missed deadlines and other failings in a case that has now been pending for more than 4 ½ years." Order (May 7, 2020).

Thereafter, plaintiff failed to timely respond to defendants' renewed request for a premotion conference. See 6/11/20 Premotion Ltr. On July 8, 2020, in the absence of any response by plaintiff, Judge Gershon issued a briefing schedule. See Order (July 8, 2020). On October 29, 2020, defendants filed their summary judgment motion, but plaintiff did not serve opposition papers. See Summary Judgment Motion at 1.

7

Plaintiff subsequently failed to comply with this Court's order setting a schedule for submissions in connection with the JPTO. See Order (Mar. 28, 2022). Accordingly, on May 27, 2022, this Court directed plaintiff to show cause why the case should not be dismissed for lack of prosecution and sanctions imposed on plaintiff's counsel. See Order to Show Cause (May 27, 2022). Plaintiff again failed to respond.

In sum, plaintiff has persistently failed to comply with this Court's orders since January 2020. In this case, the delays are entirely attributable to plaintiff. Plaintiff's failure to act or respond to the Court is of sufficient duration to justify dismissal. See Hunter v. New York State Dep't of Corr. Servs., 515 F.App'x 40, 42-43 (2d Cir. 2013) (affirming dismissal where plaintiff took no action over a 14-month period other than submitting to a deposition); Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (affirming dismissal of *pro se* action for failure to prosecute where "the proceedings ground to a halt for over seven months as a result of his inaction"); Smalls v. Port Auth. of N.Y. & N.J., 120 F.App'x 396, 397-98 (2d Cir. 2005) (affirming dismissal where, "[f]or twenty-one months after commencement of th[e] action, plaintiff took no action to prosecute th[e] case" and failed to respond to an order to show cause why the case should not be dismissed); Cuevas, 2022 WL 4641606, at *4 (finding eight-month delay weighs in favor of dismissal); Hayden v. City of New York, 16-CV-115 (RRM) (SLT), 2021 WL 9079989, at *3 (E.D.N.Y. June 14, 2021) (delay in excess of ten months favors dismissal), adopted, 2022 WL 2758300 (E.D.N.Y. July 14, 2022); Go Home, Ltd. v. Infinite Harmony, Inc., 18-CV-04358 (NG) (ST), 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020) (delay of over one year was significant enough to warrant dismissal), adopted, 2021 WL 7906530 (E.D.N.Y. May 6, 2021).

B.     Notice

As to the second factor, plaintiff received ample notice that his failure to comply with the Court's orders could result in dismissal with prejudice. In the Court's March 28, 2022 order, the Court explicitly warned plaintiff and plaintiff's counsel, who had already "ignored multiple court deadlines, . . . that their failure to timely comply with this Order may result in a dismissal of the case for lack of prosecution." Order (Mar. 28, 2022). In addition, the Court's May 27, 2022 Order to Show Cause expressly advised that unless plaintiff timely responded, the Court would recommend that the case be dismissed with prejudice and sanctions imposed on plaintiff's counsel, including referral to the EDNY Grievance Committee. See Order to Show Cause (May 27, 2022). The Court's multiple and explicit warnings that plaintiff's failure to respond would result in dismissal with prejudice weighs in favor of dismissal. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (finding "ample notice" where court ordered plaintiff to file affidavit as to why the action should not be dismissed and warned that the case would be dismissed if he failed to respond); Cuevas, 2022 WL 4641606, at *4 (court's multiple orders "put[ting] plaintiff on notice that failure to comply with the court orders could result in dismissal" weighs in favor of dismissal); Hayden, 2021 WL 9079989, at *3 (finding that second factor weighs in favor of dismissal where plaintiff was given "notice [and] ample time to respond"); Wade v. Cnty. of Nassau, 13-cv-4986(ADS)(AKT), 2016 WL 8653492, at *6 (E.D.N.Y. Jan. 21, 2016) (second factor "weighs decidedly in favor of dismissal" where magistrate judge gave direct notice to plaintiff's counsel "that further delays and noncompliance with the court's orders would result in dismissal or worse"), aff'd, 674 F.App'x 97 (2d Cir. 2017).

9

### C. Prejudice to Defendant

Third, absent dismissal of the case, defendants are likely to be prejudiced by further delays. Prejudice to defendants may be presumed where, as here, the plaintiff has caused an unreasonable and inexcusable delay. See Drake, 375 F.3d at 256; Shannon, 186 F.3d at 195; Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993). Plaintiff has provided no explanation for his repeated failures to comply with court orders. Accordingly, in this case, prejudice should be presumed from plaintiff's continued noncompliance and inaccessibility, which have caused unreasonable delays in this case. See Hayden, 2021 WL 9079989, at *3; Gardner v. City of New York, 16-CV-6476 (NG) (ST), 2019 WL 2910359, at *3 (E.D.N.Y. May 29, 2019), adopted, 2019 WL 2903745 (E.D.N.Y. June 28, 2019); Garcia v. City of New York, 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016); Tucker v. City of New York, No 14–CV–07054 (NG)(RER), 2016 WL 707018, at *2 (E.D.N.Y. Jan. 27, 2016), adopted, 2016 WL 737906 (E.D.N.Y. Feb. 22, 2016); Blanc v. Experian Info. Sols., Inc., 13CV7209 (NSR)(LMS), 2015 WL 13746894, at *5 (S.D.N.Y. Dec. 17, 2015) ("a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff[s] changed [their] mind[s] or the court lost patience") (internal quotation marks and citation omitted), adopted, 2016 WL 1271500 (S.D.N.Y. Mar. 29, 2016). Under the circumstances, where defendants have been actively defending this action but plaintiff has failed to participate over the past two and a half years, it would be unfair to require defendants to continue to advance a defense. See Wade, 2016 WL 8653492, at *6-7; Aybar v. City of New York, No. 13-CV-825 (KAM)(VVP), 2014 WL 4417110, at *4 (E.D.N.Y. Sept. 8, 2014).

10

### D.   Balancing Court Congestion and Due Process

Dismissal is also supported by balancing the Court's interest in managing its docket against plaintiff's interest in having his day in court. The Court has given plaintiff multiple opportunities to comply with its orders and warned of the consequences of ignoring its directives. The case was filed in 2015, but plaintiff's failure to prosecute has persisted for years. Although "[i]t is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action[,]" Smalls, 120 F.App'x at 398 (internal quotation marks and citation omitted), the Court's staff made repeated attempts to contact plaintiff's counsel, and received no response. Instead, plaintiff has continued to flout the court's orders and has apparently abandoned the lawsuit. "[I]t is not an efficient use of the Court's or Defendants['] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Garcia, 2016 WL 1275621, at *4 (internal citation and quotation marks omitted). Thus, the fourth factor weighs in favor of dismissal.

### E.   Efficacy of Lesser Sanctions

In light of plaintiff's ongoing unresponsiveness, no sanctions short of dismissal would be effective. Given plaintiff's flouting of court orders and deadlines despite past warnings that plaintiff's continued noncompliance would result in dismissal, lesser sanctions would be futile. Similarly, threatening to refer plaintiff's counsel to the grievance committee and to impose sanctions on him did not compel his compliance. Indeed, "plaintiff's repeated failure to comply with court orders warning him of the possibility of dismissal demonstrates that lesser sanctions would be ineffective." Cuevas, 2022 WL 4641606, at *4; see Ruzsa, 520 F.3d at 178 (upholding dismissal where "it is . . . unclear that a 'lesser sanction' would have proved

11

effective" in light of plaintiff's failure to respond to the court's prior notice threatening dismissal); Tucker, 2016 WL 707018, at *2 ("Plaintiff's repeated noncompliance with this Court's orders and evident abandonment of his claims suggest that a sanction less than dismissal would be ineffective."); Nicaj v. McCaffrey, No. CV 2010-5355(CBA)(MDG), 2013 WL 702845, at *3 (E.D.N.Y. Jan. 4, 2013) ("Given plaintiff's continued unresponsiveness, there is no reasonable likelihood that he will comply with discovery and general litigation obligations in the future."), adopted, 2013 WL 696702 (E.D.N.Y. Feb. 26, 2013). "Courts consistently find that dismissal is appropriate where a plaintiff has disappeared." Hayden, 2021 WL 9079989, at *4; see Gardner, 2019 WL 2910359, at *3; Garcia, 2016 WL 1275621, at *3. Given plaintiff's continued failure to respond to the Court and opposing counsel and his ongoing violation of court orders, this case involves the kind of "extreme circumstances" justifying the "harsh remedy" of dismissal with prejudice under Rule 41(b).[2]

Finally, Local Civil Rule 1.5(f) of the Southern and Eastern Districts of New York provides that "District Judges and Magistrate Judges may refer any matter to the Chief Judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief[.]" S.D.N.Y./E.D.N.Y. Local Civ. R. 1.5(f). Because of his continued derelictions and failure to respond to the Court's orders and inquiries, as described herein, this Court respectfully recommends that plaintiff's counsel, Peter Hanschke, be referred to the Committee on Grievances for disciplinary action.

---

[2] In the alternative, the Court recommends that plaintiff's claims be dismissed without prejudice for failure to prosecute and that such dismissal become with prejudice if plaintiff fails to seek to appear within 60 days of a final order on this issue. See Gaddy v. Tri-state Area Moving Corp., 19-cv-118 (EK)(SIL), 2022 WL 16926373, at *2-3 (E.D.N.Y. July 1, 2022).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be dismissed with prejudice under Rule 41(b). In addition, pursuant to Local Civil Rule 1.5(f), the Court recommends that attorney Hanschke be referred to the Chief Judge and the Committee on Grievances for possible disciplinary proceedings. To ensure that plaintiff Bauman is aware of the foregoing, plaintiff's counsel shall serve a copy of this Report and Recommendation on plaintiff by mail and file proof of such service by November 28, 2022.

Any objections to the recommendations contained herein must be filed with Judge Gershon on or before December 9, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 22, 2022**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**